IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DOUGLAS L. WILSON, | ) | 4:05CV3133 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LIFE INSURANCE COMPANY | ) | |
| OF NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's application for attorney fees and expenses (filing 29). I will grant the application in part and award fees in the amount of $20,454. Court costs will also be taxed to the defendant in the amount of $312.56.

Pursuant to ERISA, an award of attorney fees and costs is discretionary. 29 U.S.C. § 1132(g). The relevant factors to consider in determining whether fees and costs should be awarded in an ERISA action are: (1) the degree of culpability or bad faith assignable to the opposing party; (2) the ability of the opposing party to pay an award of attorney fees; (3) the deterrent effect an award would have on others acting under similar circumstances; (4) whether the fees are requested to benefit other plan participants or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. Fletcher-Merrit v. NorAm Energy Corp., 250 F.3d 1174, 1179 (8th Cir. 2001) (citing Lawrence v. Westerhaus, 749 F.2d 494, 495-96 (8th Cir.1984) (per curiam)).

Applying this five-factor analysis, I first find significant culpability on the part of the defendant ("LINA"), which denied Wilson's claim for long-term disability benefits despite clear proof that Wilson was unable to perform the material duties of any occupation for which he was, or could become, qualified. As I previously found,

> How LINA could conclude that a heart attack and stroke victim in his early fifties could work full-time even at seated work, when [Wilson] was literally half blind, had serious vascular problems, and suffered severe pain that deprived him of normal sleep, is beyond me.

(Filing 28, Mem. & Order on Parties' Motions for Summ. J. at 21.)

Second, there is no evidence that LINA is unable to pay an award of attorney fees. Third, I find that an award of attorney fees in this case may have a deterrent effect by causing other insurers to fully and fairly review a claimant's medical record, to refrain from denying long-term benefits <u>before</u> receiving a vocational assessment, and to seek and consider only reasoned and complete vocational assessments. Fourth, I find that an award of fees in this case is unlikely to benefit other plan participants because this case does not resolve any significant legal issues concerning ERISA. Finally, I find that Wilson obtained the relief he requested—that is, long-term disability benefits in accordance with the applicable insurance policy.

In summary, four of the five factors weigh in favor of an award of attorney fees in this case. Therefore, Wilson's application will be granted. I must now determine the amount of fees to be awarded.

Wilson's application (filing 29) requests $23,954.00 in attorney fees and expenses in the amount of $312.56.[1] The supporting affidavit of Wilson's attorney, who is a partner in his law firm, states that this amount was calculated based on 41.9 hours of his time at $175.00 per hour, 126 hours of work by an associate at $125.00 per hour, and a total of 18.4 hours by two other attorneys, a law clerk, and a paralegal at varying hourly rates. The affidavits of Mr. Spray and David R. Buntain, a partner at a well-respected local law firm, establish that the hourly rates of $175.00 for

---

[1]The expenses claimed include the $250.00 filing fee, $25.60 for document reproduction; and $36.96 in PACER fees.

partners, $125.00 or more for associates, and the law clerk and paralegal rates claimed by Wilson's counsel conform to the average rates charged in Lincoln, Nebraska, for ERISA cases and that the number of hours claimed is reasonable. (Filing 29.)

LINA admits that "this is the type of case in which the Court would typically be inclined to make an attorney fee award" and "the amount requested by Plaintiff is not extreme," but argues that the amount awarded should be reduced by half because I ordered that the plaintiff's award of long-term disability benefits be reduced by the amount of Social Security benefits Wilson received. As stated in my previous memorandum and order, the ERISA Plan provided that if Wilson was entitled to Social Security benefits, those benefits were to be credited against any benefits that LINA owed Wilson. Further, Wilson signed a reimbursement agreement with LINA providing that his disability benefits may be reduced by the amount of any Social Security benefits received. Finally, I found that "LINA asserts, and the plaintiff does not deny, that Wilson has not paid to LINA, and LINA has not received or set off, any Social Security benefits that Wilson received." (Filing 30, Br. Opp'n Pl.'s Mot. Atty. Fees & Expenses at 1; Filing 28, Memorandum & Order at 17-19.)[2]

Since the only objection raised to the plaintiff's attorney fee request concerns a possible reduction for partial success, there is no need to engage in an extended analysis regarding the hourly rates claimed and the amount of time expended on this lawsuit. See Griffin v. Jim Jamison, Inc., 188 F.3d 996, 997 (8th Cir. 1999) ("Nor is it necessary for district courts to examine exhaustively and explicitly, in every case, all

---

[2]Perhaps because Wilson admits that he signed a reimbursement agreement with LINA, that an overpayment of benefits was made, and that Wilson has not reimbursed LINA for the overpayment, Wilson's counsel did not seek leave to submit a reply brief objecting to the suggestion that the amount of attorney fees awarded should be reduced for partial success. (Filing 23, at 8; Filing 26, at 3.)

3

of the factors that are relevant to the amount of a fee award.").

It is clear that the primary claim at issue in this lawsuit was Wilson's claim for long-term disability benefits, and that the Social Security offset was a peripheral matter addressed briefly, if at all, by the parties—presumably because everyone agreed that Wilson owed LINA money for recovery of Social Security benefits pursuant to the reimbursement agreement and the terms of the Plan.[3] Therefore, Wilson's requested amount of attorney fees, $23,954, should be reduced to $20,454 in order to account for Wilson's lack of success on the Social Security payment issue and to recognize the fact that these attorney fees could have been avoided had Wilson explicitly conceded LINA's entitlement to his overpayment of benefits.[4]

There remains only the matter of court costs. While costs normally are taxed by the clerk of the court, as provided in Fed. R. Civ. P. 54(d)(1), costs are not allowed to the prevailing party as a matter of course under 29 U.S.C. § 1132(g)(1). Thus, Wilson

---

[3]LINA argued the Social-Security-offset issue in one page of its 15-page brief in support of its motion for summary judgment (filing 23). The factual portion of Wilson's brief in opposition to LINA's motion for summary judgment (filing 26) mentions the existence of a reimbursement agreement and the fact that Social Security benefits were paid, but the brief does not address the merits of the issue at all.

[4]This reduction was calculated by estimating what it would have cost LINA to file a separate lawsuit to recover the benefit overpayment from Wilson. Such a basic breach-of-contract lawsuit would have involved filing a complaint, serving summons, filing a request for admissions asking Wilson whether he signed the reimbursement agreement, and filing a summary judgment motion with a brief and index of evidence containing the agreement itself and an affidavit from Wilson admitting that he signed the agreement. Using an hourly rate that the plaintiff claims to be a reasonable in Lincoln, Nebraska—$175.00—and figuring that work on this lawsuit would have taken a maximum of 20 hours, I calculate that LINA would have spent approximately $3,500 to recover the benefit overpayment from Wilson.

has included requests for both attorneys' fees and costs in his application. Because Wilson's request for $312.56 in costs—which includes the filing fee, document reproduction expenses, and PACER fees—is reasonable, I shall grant the request.

Accordingly,

IT IS ORDERED that:

(1) Plaintiff's motion for attorney fees and expenses (filing 29) is granted in part, and he is hereby awarded the sum of $20,454 for attorney fees;

(2) Plaintiff is awarded the sum of $312.56 as taxable costs; and

(3) Judgment shall be entered by separate document.

June 15, 2006.

BY THE COURT:
s/ *Richard G. Kopf*
United States District Judge